# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD, | 1:18-cv-01364-DAD-GSA-PC |
| Plaintiff, | **SCREENING ORDER** |
| v. | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| DEPUTY GUILTRON, | **(ECF No. 1.)** |
| Defendant. | **THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

## I.     BACKGROUND

William J. Gradford ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 1, 2018, Plaintiff filed the Complaint commencing this action at the United States District Court for the Eastern District of California, Sacramento Division.  (ECF No. 1.)  On October 4, 2018, the case was transferred to this court.  (ECF No. 5.)

On October 9, 2018, the court related this case to Plaintiff's other pending cases under Local Rule 123 and reassigned the case to the dockets of District Judge Dale A. Drozd and Magistrate Judge Gary S. Austin.  (ECF No. 8.)

Plaintiff's Complaint is now before the court for screening.  28 U.S.C. § 1915A.

1

## II.    SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF COMPLAINT

The events at issue in the Complaint allegedly occurred at the Stanislaus County Public Safety Center in Modesto, California, when Plaintiff was detained there as a pretrial detainee in the custody of the Stanislaus County Sheriff. Plaintiff names Deputy Guiltron as the sole defendant ("Defendant").

Plaintiff's allegations follow:

On March 2, 2017, at approximately 1:30 a.m., Plaintiff was awakened to an incoming legal mail letter being slid under his single-man cell door by defendant Deputy Guiltron, who had already opened Plaintiff's letter out of his presence and without his permission. Plaintiff immediately filed a grievance against Deputy Guiltron for this.

This has been an ongoing problem with most of the past deputies assigned to Plaintiff's housing unit, purposely opening his incoming legal mail. Deputy Guiltron had been told not to do it by higher-ranking deputies. Deputy Guiltron later came to Plaintiff's cell and handed him the original green copy intending to cover up his actions, and purposely attempting to prevent Plaintiff from filing a grievance against him so it would not go on the official records. Deputy Guiltron was supposed to file the green copy on the official record at the jail.

Deputy Guiltron had always given Plaintiff problems with Plaintiff's outgoing legal mail. Every time Deputy Guiltron would process Plaintiff's outgoing legal mail, Plaintiff would very respectfully, as always, ask him to sign the seal as required. He would always refuse and say he would sign them up front at mail drop-off, out of the unit and out of Plaintiff's presence. Plaintiff would never reply back because Deputy Guiltron was always angry and upset with Plaintiff, giving him intimidating responses with traces of violent behaviors because on December 5, 2016, Plaintiff reported two co-deputies, Tiexiera and McCarthy, for threatening Plaintiff's life, well-being, and safety.

Plaintiff reported Tiexiera for throwing inmate Ibanez against the wall while Ibanez was on the floor having a seizure, unresponsive. Approximately 5 minutes later, Tiexiera moved Plaintiff to McCarthy's assigned position, the court's tunnel, because Plaintiff told him he was going to report him. That's when Deputy McCarthy told Plaintiff, "Gradford, if you know what's

good for you, you would keep your mouth shut!" I will always fear being retaliated against by Stanislaus County Sheriff's Deputies, third parties, others, and so forth, especially upon my release from prison. I now have to live in extreme fear for the rest of my life. Stanislaus County in-house Sheriff's Deputies have a very bad reputation of violence towards and upon inmates, mostly for unjust and unwarranted reasons (e.g., down inmate Ibanez).

Plaintiff requests a declaratory judgment, monetary damages, costs of suit, and reasonable attorney's fees.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be

4

established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

## A.    Rights of Pretrial Detainees

Plaintiff was a pretrial detainee at the time of the events at issue. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell, 441 U.S. at 538-39); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at

5

1504.

**B.** **Mail Protections**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017). The mere fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for violation of a prisoner's constitutional rights. Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 908-909 (9th Cir. 2014) ("Nordstrom I"); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).

Prison officials may examine an inmate's mail without infringing his rights and inspect non-legal mail for contraband outside the inmate's presence. United States v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir. 1971); Witherow, 52 F.3d at 265–66 (upholding inspection of outgoing mail). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ).

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Nordstrom I, 762 F.3d at 909. The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

*///*

In criminal cases, such correspondence is also protected by the Sixth Amendment. <u>See</u> <u>Mangiaracina</u>, 849 F.3d at 1196 (and cases cited therein). "[P]rison officials may open, but not read, incoming legal mail in the presence of the inmate." <u>Nordstrom v. Ryan</u>, 856 F.3d 1265, 1272 (9th Cir. 2017) ("<u>Nordstrom II</u>") (citing <u>Wolff</u>, 418 U.S. at 577. "[T]he practice of requiring an inmate to be present when his legal mail is opened is a measure designed to prevent officials from reading the mail in the first place." <u>Nordstrom I</u>, 762 F.3d at 910 (citing <u>Wolff</u> at 577); <u>Mangiaracina</u>, 849 F.3d at 1196 (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation).

In this case, Plaintiff alleges that defendant Guiltron opened Plaintiff's incoming legal mail out of his presence and without his permission, and refused Plaintiff's request to "sign the seal" on Plaintiff's outgoing legal mail in Plaintiff's presence. Compl., ECF No. 1 at 5. These allegations fail to state a constitutional violation. Here, Plaintiff has not alleged that defendant Guiltron improperly read his legal mail or prevented him from sending legal mail. Moreover, Plaintiff does not allege that the correspondence was properly marked mail to his attorney or prospective attorney.[1]  Plaintiff's allegations that defendant Guiltron refused his request to "sign the seal" on Plaintiff's legal mail in Plaintiff's presence, without more, also fails to state a constitutional violation.

Thus, Plaintiff fails to state a claim for interference with his mail under the First and Sixth Amendments.

## C.    **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 5527, 532 (9th

---

[1] In Plaintiff's grievance appeal dated March 8, 2017, Plaintiff states that the mail opened by Deputy Guiltron on March 2, 2017, was labeled "Official Business" from the Clerk of the U.S. District Court, Eastern District of California, and Deputy Guiltron stated that he did not see "legal mail" on the front of the envelope. (Compl, ECF No. 1 at 10, Exh. A.)   Mail from the court is not legal mail.

Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

As discussed by the Ninth Circuit in Watison v. Carter:

"A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.

Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).

Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012). The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Plaintiff alleges that defendant Guiltron purposely opened Plaintiff's mail because on December 5, 2016, Plaintiff reported two co-deputies, Tiexiera and McCarthy, for threatening Plaintiff's life, well-being, and safety.

Plaintiff has sufficiently alleged that he was participating in protected conduct when he reported wrongdoing by deputies Tiexiera and McCarthy. Therefore, Plaintiff satisfies the first element of a retaliation claim.

Plaintiff has also satisfied the second element -- that defendant Guiltron took an adverse action against Plaintiff -- because opening Plaintiff's legal mail outside of his presence constitutes an adverse action.[2]

However, Plaintiff has not alleged facts showing that defendant Guiltron opened Plaintiff's legal mail *because* Plaintiff reported against Deputies Tiexiera and McCarthy. To state a claim for retaliation, Plaintiff must allege facts "show[ing] that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (internal quotation marks and citation omitted). To raise a triable issue as to motive, a plaintiff must offer "either direct evidence of retaliatory motive or at least one of three general types of circumstantial evidence [of motive]." McCollum v. Cal. Dep't of Corr. and Rehab., 647 F.3d 870, 882 (9th Cir. 2011) (citation and quotation marks omitted). Circumstantial evidence of motive may include: "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual." Id. (internal citation and quotation marks omitted). Here, Plaintiff alleges that defendant Guiltron retaliated against him because Plaintiff reported against Deputies Tiexiera and McCarthy. However, Plaintiff has not shown the requisite connection between his reporting against the Deputies and defendant Guiltron opening Plaintiff's mail. Plaintiff alleges no facts causing the

---

[2] Although Plaintiff did not allege in the Complaint that the mail opened by defendant Guiltron was properly marked legal mail, Plaintiff describes it as "legal mail." (Compl., ECF No. 1 at 4.) At this stage of the proceedings, Plaintiff's factual allegations in the Complaint are accepted as true.

court to infer a connection between Plaintiff reporting and defendant Guiltron opening Plaintiff's mail.

Plaintiff also alleges that defendant Guiltron tried to cover up the fact that he had opened Plaintiff's mail to stop Plaintiff from filing a grievance against him. These allegations do not satisfy the elements of a retaliation claim. Defendant Guiltron's attempt to cover-up does not constitute an adverse action against Plaintiff, nor has Plaintiff alleged facts showing that defendant Guiltron acted *because* of the possibility that Plaintiff would file a grievance.

Accordingly, Plaintiff fails to state a cognizable claim for retaliation against defendant Guiltron.

### D.     Cover-up

Plaintiff alleges that defendant Guiltron attempted to cover up his wrongdoing. To the extent that Plaintiff attempts to raise a cover-up claim, such a claim is premature. Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up. Dell v. Espinoza, No. 116CV1769MJSPC, 2017 WL 531893, at *6–7 (E.D. Cal. Feb. 7, 2017) (citing see Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit.")); Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993).

A cover-up claim is premature when, as here, Plaintiff's action seeking redress for the underlying constitutional violations remains pending. See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending); Rose, 814 F. Supp. at 881 ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")

### E.     Relief Requested

Besides monetary damages, Plaintiff requests declaratory relief and attorney's fees if he prevails in this action. Plaintiff's request for declaratory relief should be denied because it is

subsumed by Plaintiff's damages claim. See Rhodes, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section 1983. . . , the court, in its discretion, may allow the prevailing party. . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b). However, Plaintiff's contention that he is entitled to attorney's fees if he prevails in this action is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.")

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state a claim in the Complaint upon which relief may be granted under § 1983. Therefore, the Complaint shall be dismissed with leave to amend. Plaintiff shall be granted thirty days in which to file a First Amended Complaint curing the deficiencies discussed above.

The First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff

should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated claims. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on October 1, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on October 1, 2018, is DISMISSED for failure to state a claim under § 1983, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01364-DAD-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 30, 2019**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE