# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPUTY GUILTRON,<br><br>        Defendant. | 1:18-cv-01364-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT GUILTRON'S MOTION TO DISMISS BE GRANTED**<br>**(ECF No. 35.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I. BACKGROUND

William J. Gradford ("Plaintiff") is a former jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 1, 2018, Plaintiff filed the Complaint commencing this action at the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On October 4, 2018, the case was transferred to the Fresno Division. (ECF No. 5.) This action now proceeds with Plaintiff's First Amended Complaint, filed on September 30, 2019, against defendant Deputy Guiltron for retaliation in violation of the First Amendment. (ECF No. 19.)[1]

---

[1] On April 14, 2020, the court issued an order dismissing all other claims from this action, with prejudice. (ECF No. 25.)

On September 8, 2020, Defendant Guiltron filed a motion for an order enforcing settlement of this case and dismissing the case. (ECF No. 35.) On October 28, 2020, Plaintiff filed an opposition to the motion. (ECF No. 37.) Defendant Guiltron's motion is now before the court. Local Rule 230(*l*).

## II.     DEFENDANT'S MOTION

Defendant Guiltron moves to enforce the parties' settlement agreement and dismiss this action pursuant to a release of claims in which Plaintiff agreed to release and discharge the County of Stanislaus and its employees from any and all claims that Plaintiff may have against them, and to dismiss all pending actions, including this case, in exchange for the payment of $3,000, which payment has been made. Defendant submits a two-page document titled Release of All Claims, dated and signed by William Gradford on May 7, 2019, which states in part:

> "The County of Stanislaus is paying to William Gradford the sum of $3,000.00 in exchange for which William Gradford agrees to release and discharge the County of Stanislaus, its employees, and/or representatives of and from any and all claims, demands, actions or causes of action, known or unknown, which William Gradford may have against the County of Stanislaus, its employees, and/or representatives and to dismiss all pending actions, with the parties to those actions to bear their own fees and costs."

(ECF No. 35 at 8.)

Defendant asserts that as of May 1, 2019, Plaintiff had at least six active cases in the Eastern District involving the County of Stanislaus and its employees (all custodial staff). Defendants, represented by Dan Farrar, had appeared in three of the cases and had not been served in any other.

The cases in which defendants had appeared were:

   Gradford v. Lignoski, 1:17-cv-01460-DAD-GSA

   Gradford v. Tiexiera, 1:17-cv-00201-DAD-GSA

   Gradford v. McDougal, 1:17-cv-00575-DAD-GSA

///

The unserved cases were:

>Gradford v. Guiltron, 1:18-cv-01364-DAD-GSA

>Gradford v. Chan, 1:18-cv-00710-DAD-GSA

>Gradford v. Flores, 1:17-cv-01248-DAD-GSA

Defendant argues that Plaintiff is an adult; appears to be of sound mind, as evidenced by initiating over a dozen cases in the Eastern District and filing numerous motions in many of them; and is presumed to be competent to contract under the Due Process in Competence Determinations Act, California Probate Code section 801 et seq. In addition, Defendant argues that Plaintiff's signature on the release, and on the stipulations for dismissal filed in the three cases referenced above, are evidence of Plaintiff's consent to the terms of the settlement. Also, Defendant argues that two federal requirements – the agreement must be a complete agreement, and the parties have agreed to the terms of the settlement – have been met.

Defense counsel, Dan Farrar, declares under penalty of perjury, as follows:

>I have represented Stanislaus County custodial personnel in a number of cases filed by Mr. Gradford. As of May 1, 2019, I was attorney of record in three cases, Gradford v. Lignoski, 1:17-cv-01460-DAD-GSA, Gradford v. Tiexiera, 1:17-cv-00201-DAD-GSA, and Gradford v. McDougal, 1:17-cv-00575-DAD-GSA. I was aware of at least three other cases which had not yet been served, including the instant case.

>In Gradford v. Tiexiera, 1:17-cv-00201, as the settlement conference date (May 15, 2019) approached, Mr. Gradford filed a request with the court that all of his federal lawsuits be discussed at the settlement conference. (Doc. 85.) The request was granted, and the court's order identified six active cases. (Doc. 86.)

>In late April or early May of 2019, Mr. Gradford approached me about settling all of his cases at once. I do not recall the specifics of the negotiations, but the County of Stanislaus ultimately offered to pay Mr. Gradford a total of $3,000, in exchange for a dismissal of all pending actions and a release of all claims. Mr. Gradford accepted the offer.

> On May 7, 2019, I met with Mr. Gradford in Modesto. I provided him with the settlement check in the sum of $3,000.000. He signed a release as well as stipulations and proposed orders of dismissal of the cases in which defendants had not been served. Attached hereto as Exhibit A is the settlement agreement signed by Mr. Gradford on May 7, 2019.
>
> I filed the stipulations of dismissal in the three cases in which I was attorney of record and orders of dismissal were issued.
>
> Mr. Gradford did not dismiss the three unserved cases, including the instant case. Over the last several months, he has contacted me several times, asking/offering to settle all cases, including the cases we already settled.

(Farrar Declaration, ECF No. 35 at 5-6 ¶¶ 3-8.)

**Plaintiff's Opposition**

In opposition, Plaintiff acknowledges that he filed multiple claims against Stanislaus County deputies from 2016 to 2020 and alleges that he was constantly and badly mistreated, retaliated against, and received threats. Plaintiff also acknowledges that he met with defense attorney Dan Farrar to sign a settlement agreement.[2] Plaintiff requests the court to re-examine all of his records, files, and cases, deny Defendant's motion to dismiss and schedule a settlement conference.

## III. DISCUSSION

"[I]t is well settled that a court has inherent power to enforce summarily a settlement agreement involving an action pending before it." Brown v. San Diego State University Foundation, No. 3:13-CV-2294-GPC-NLS, 2015 WL 4545857, at *2 (S.D. Cal. July 28, 2015) (internal quotation marks omitted) (quoting In re Suchy, 786 F.2d 900, 903–04 (9th Cir. 1985) (citations omitted); see also Ford v. Citizens and Southern Nat. Bank, Cartersville, 928 F.2d 1118,

---

[2] Plaintiff states, "I am completely uneducated in law vs. high powerful, skilled, very clever and trickery high paid city attorneys, for e.g., when plaintiff did sit with defendants' attorney Dan Farrar to sign settlement agreement. Also there were many more papers on the table with the two pieces of papers (Dan's exhibits) Attorney Dan Farrar is not showing and/or sending with his exhibit to the courts." (ECF No. 37 at 6:1-23.)

1121 (11th Cir. 1991); Warner v. Rossignol v. State Farm Mutual Automobile Insurance Company, 513 F.2d 678, 680–83 (1st Cir. 1975); In re Gerry, 670 F.Supp. 276, 277 n. 2 (N.D. Cal. 1987), *aff'd sub nom*. Adams v. Johns–Manville Corp., 876 F.2d 702 (9th Cir. 1989)); accord Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002).

"The interpretation and enforcement of a settlement agreement is generally governed by principles of state contract law." Day v. Ryan, No. CV1901091PHXJATJFM, 2020 WL 3414699, at *5 (D. Ariz. June 19, 2020) (internal quotation marks omitted) (quoting see Botefur v. City of Eagle Point, 7 F.3d 152, 156 (9th Cir. 1993); Hisel v. Upchurch, 797 F. Supp. 1509, 1517 (D. Ariz. 1992). But "conditions affecting the validity of a release of significant federal rights are eminently a matter of federal law." Day, 2020 WL 3414699, at *5 (quoting Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981); Hisel, 797 F. Supp. at 1517)). Thus, federal common law controls the effect and interpretation of a release of a § 1983 claim, and it is unnecessary to examine state law. Day, 2020 WL 3414699, at *5 (citing Hisel, 797 F.Supp. at 1517-18 (citing Town of Newton v. Rumery, 480 U.S. 386, 392 (1987)); see Jones, 648 F.2d at 1203 (in analyzing whether a release of federal rights is valid, it is unnecessary to examine state authorities)). In applying federal law, courts are free to draw upon all relevant sources of common law, including "general principles of contract." Day, 2020 WL 3414699, at *5 (quoting Hisel, 797 F. Supp. at 1518).

A release of claims for violations of civil and constitutional rights must be voluntary, deliberate, and informed. Jones, 648 F.2d at 1203. "There are both subjective and objective aspects to each of these elements." Id. Whether a release is voluntary, deliberate, and informed is determined on a case-by-case basis considering the totality of the circumstances surrounding the execution of the release. See Stroman v. West Coast Grocery Co., 884 F.2d 458, 462 (9th Cir. 1989). Further, under federal law, a valid release must be supported by consideration. Salmeron v. United States, 724 F.2d 1357, 1362 (9th Cir. 1983). Here, the release is supported by consideration in the bargained-for amount of $3,000.00, and Plaintiff presents no evidence of coercion, nor any other reason the release should be invalidated.

///

The party seeking to rely on a release in a § 1983 action has the burden of proving its validity. See Jones, 648 F.2d at 1203-04. Public policy favors upholding voluntary agreements. Bianchi v. Perry, 140 F.3d 1294, 1297 (9th Cir. 1998) ("There is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into.") (internal citation omitted). "When fairly arrived at and properly entered into, settlement agreements and releases are generally viewed as binding, final, and as conclusive of the rights of the parties as is a judgment entered by a court." Hisel, 797 F. Supp. at 1518.

Defendant has presented the Court with competent evidence that Plaintiff signed the Release and received compensation, and Plaintiff has failed to submit any evidence to counter Defendant's claim. In support of his argument that Plaintiff already released his claims Defendant Guiltron relies on the aforementioned two-page document titled "Release of All Claims," dated and signed by Plaintiff William Gradford on May 7, 2019. (ECF No. 35 at 8-9.) Defendant argues that the Release extends to Plaintiff's claims in this action and there is no disagreement as to the content of the release. The Release of All Claims Plaintiff signed constitutes a clear and unambiguous waiver of his legal claims against defendants. Plaintiff agreed "to release and discharge the County of Stanislaus, its employees, and/or representatives of and from any and all claims, demands, actions or causes of action, known or unknown, which William Gradford may have against the County of Stanislaus, its employees, and/or representatives and to dismiss all pending actions." (Release of All Claims, ECF No. 54 at 8.) This language unambiguously indicates that Plaintiff intended to waive all claims against defendants. The purpose and effect of a release is ending legal liability. Stroman, 884 F.2d at 461.

Therefore, the Release of All Claims, signed by William Gradford on May 7, 2019, should be enforced, Defendant Guiltron's motion to dismiss this case should be granted, and this case should be dismissed, with prejudice.

///

///

///

## IV. RECOMMENDATIONS AND CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that:

1. Defendant Guiltron's motion to dismiss, filed on September 8, 2020, be GRANTED;
2. This case be DISMISSED with prejudice; and
3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2020**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE