UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY GUILTRON,<br><br>    Defendant. | No. 1:18-cv-01364-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 42) |

Plaintiff William J. Gradford is a former state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 12, 2021, the undersigned adopted the assigned magistrate judge's findings and recommendations (Doc. No. 38) and granted defendant's motion to dismiss this action (Doc. No. 35) on the grounds that plaintiff had already settled this action and signed a release of all claims, which constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims against defendant. (Doc. No. 40.) On January 21, 2021, plaintiff filed a motion to vacate the dismissal of this action and to schedule a settlement conference therein, which the court construes as a motion for reconsideration under Federal Rule of Civil Procedure 60 of the order dismissing this case. (Doc. No. 42.) On February 25, 2021, defendant Guiltron filed an opposition, and on March 1, 2021, plaintiff filed a reply. (Doc. Nos. 43, 44.)

1

**DISCUSSION**

Plaintiff requests reconsideration of the court's January 12, 2021 order and asks the court to vacate the dismissal order and then schedule a settlement conference. (Doc. No. 42 at 6.) Plaintiff argues that defense counsel did not present to this court all of the documents that plaintiff represents he signed when he signed a release of all claims against Stanislaus County and defendant Guiltron. (*Id*. at 6.) Plaintiff also asserts that defense counsel violated federal law and this court's Local Rules. (*Id*.) In addition, plaintiff states the court should vacate the dismissal order and re-set the scheduling conference as it had in another of plaintiff's cases presenting similar issues, *Gradford v. Freddie*, No. 1:19-cv-01252-DAD-EPG,[1] and which plaintiff contends was part of the same settlement.

Defendant responds that plaintiff's motion is inadequate as a matter of law under Rule 59 or 60 of the Federal Rules of Civil Procedure, because plaintiff has not set forth any law or facts warranting the relief he seeks. (Doc. No. 43 at 1–2.) Defendant argues that plaintiff's motion merely rehashes previously made arguments and offers no evidence in support of plaintiff's arguments. (*Id*. at 2.)

In reply, plaintiff again argues that defense counsel deceived plaintiff by failing to present to the court all of the documents that plaintiff signed in connection with the parties' settlement. (Doc. No. 44.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

/////

---

[1] Here the undersigned notes that the posture of the request was quite different. In the *Gradford v. Freddie* matter, plaintiff's request to withdraw the pending motion dismiss was granted because it was plaintiff's *own* motion, and plaintiff had indicated it had been filed by him in error. (*See Gradford v. Freddie*, Doc. No. 33.)

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, plaintiff's motion does not identify any basis under Rule 60 upon which this court should reconsider its order dismissing this action. Nor does plaintiff argue that any of the allegedly missing pages of the documents submitted to this court suggest this action was not settled as part of that agreement. Plaintiff has simply not set forth facts or law providing a basis upon which the court could reverse its prior decision. Therefore, plaintiff's motion for reconsideration and requesting that the court schedule a settlement conference in this case will be denied.

## CONCLUSION

Accordingly,

1. Plaintiff's motion for reconsideration and for the court to schedule a settlement conference, filed on January 21, 2021 is denied;

3

2. The court shall not consider any further motions in this case; and

3. This case is to remain closed.

IT IS SO ORDERED.

Dated:   **March 12, 2021**                                   /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE